No. 21,694.

THE STATE OF KANSAS, *Appellant*, v. H. E. DEAN, *Appellee.*

SYLLABUS BY THE COURT.

AGAINST PUBLIC POLICY—*Salary Paid Secretary of Panama-Pacific Exposition Commission Illegal.* Public policy forbade the Panama-Pacific exposition commission to employ one of its members as secretary of the commission and pay him compensation for carrying out the purposes of the act creating the commission.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 7, 1918. Reversed.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* and *John L. Hunt,* assistants attorney-general, for the appellant.

*T. A. Pollock,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the state to recover money paid to the defendant for his services as secretary of the Panama-Pacific exposition commission. Judgment was rendered for the defendant on the pleadings and a stipulation regarding certain facts, and the plaintiff appeals.

The legislature of 1913 passed an act providing for the representation of the state of Kansas at the Panama-Pacific international expositions at San Francisco and San Diego, Cal. A commission was authorized to encourage and promote full and complete exhibits of the resources and interests of the state and its citizens at the expositions, and provide and maintain buildings for the state exhibits, for official headquarters of the state, and for the comfort and convenience of its citizens and exhibitors. The sum of $50,000 was appropriated to carry out the purposes of the act. The commission, of which the governor was *ex officio* chairman, consisted of five members appointed by the governor. The members of the commission were to receive no compensation for their services, but were entitled to actual and necessary expenses. The commission was authorized to appoint, with the approval of the governor,

a secretary, and to fix his compensation for all services performed in carrying out the provisions of the act. The state auditor was authorized to draw warrants on the state treasurer for expenditures of the commission, on duly itemized and verified vouchers, signed by the secretary and approved by the governor as *ex officio* chairman. The commission was required to close its accounts, make an itemized and verified report of its disbursements to the state auditor, and return to the state treasurer any unexpended balance of money, within ninety days after the close of the expositions. The commission was authorized to convene within thirty days after appointment, on notification by the secretary of state, in the city of Topeka, to perfect its organization for the transaction of the business devolving upon it. The defendant was appointed a member of the commission, and when the commission organized was appointed secretary. As secretary he discharged the duties and performed the services required of him, and received the compensation allowed by the commission. He did not participate with the other members of the commission in his selection as secretary, or in the fixing of his compensation, or in the approval of his vouchers.

It is quite clear that a very unfortunate but perfectly innocent mistake has been made. The commission could no more pay one of its own members compensation to do work in furtherance of the object of the creation of the commission than it could let to itself the contracts for the erection of the exposition buildings. It is much debated in the briefs whether or not the members of the commission held "office," within the meaning of the statute prohibiting officers of various kinds from doing or having done for their own profit any work in and about their offices, or over which they have supervision, direction, or control. It is not necessary to decide the question. The members of the commission were charged with the execution of an important public trust, as agents, at least, of the state, and the same public policy which underlies the statute forbids an agent of a private individual, even, or any one acting in a fiduciary relation, to tempt his own loyalty by entering into any transaction which requires him to play a dual role. It makes no difference that the defendant did not participate in the forbidden acts, or that no fraud or wrong was intended, or resulted. The

prohibition was laid on the commission as a body not to disburse the public funds to the advantage or profit of its own membership, in order to forestall enticement to subordinate the public to private interest.

No one would for a moment question the fidelity or integrity of the members of the commission, or of the other state functionaries through whose hands the defendant's vouchers passed; but they could not, singly or all together, cure or waive the defect in the commission's authority. The legislature alone can do this, and the defendant must be remitted to that body for relief.

Under the pleadings and the stipulation, the services rendered by the defendant as secretary of the commission were necessary to the proper carrying out of the provisions of the act creating the commission, and were of full and actual value equivalent to the amount allowed him by the commission as compensation. The judgment of the district court is reversed, and the cause is remanded with direction to adjudicate against the state the facts just recited, and render judgment in favor of the state according to the prayer of the petition.